# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00101-CR

**Robert Bob Schwartz, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT**
**NO. 10,078, HONORABLE TERRY FLENNIKEN, JUDGE PRESIDING**

Appellant was driving his pickup while intoxicated when he attempted to turn left in the face of oncoming traffic. Appellant=s passenger, Fernando Carlos, was killed in the resulting collision. A jury found appellant guilty of intoxication manslaughter and assessed punishment at imprisonment for twenty years and a $10,000 fine. *See* Tex. Pen. Code Ann. ' 49.08 (West Supp. 2002). We will affirm.

Appellant=s only point of error is that the district court erred by admitting three photographs in evidence. Appellant objected to the exhibits on the ground that they were Aprejudicial.@ We will assume for the purpose of this opinion that this objection was sufficient to raise an issue under evidence rule 403, which permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403.

Contrary to the tenor of the argument in appellant=s brief, the challenged exhibits are not explicitly photographs of the deceased=s body. Instead, the three photographs show the accident scene, and appellant=s truck in particular. Exhibit seven shows the rear of the truck; Carlos=s body is lying beside

the truck, but the body is covered by a blanket and is not visible. Exhibit eight shows the truck from a different angle; Carlos=s feet (wearing shoes) are visible in a corner of the photograph. Exhibit nine is another photograph of the truck; if one looks carefully, the bottom of Carlos=s right shoe can be seen at the edge of the photograph.

Evidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000) (quoting *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh=g)). We find no such tendency in the photographs at issue. There is nothing particularly gruesome or disturbing about the exhibits, which primarily are photographs of appellant=s truck. Carlos=s body is shown in the photographs, but it is covered by a blanket and only his shoes can be seen. His injuries are not visible. The trial court did not abuse its discretion by concluding that the probative value of the exhibits outweighed the danger of unfair prejudice.

We overrule the point of error and affirm the judgment of conviction.


Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 10, 2002

2

Do Not Publish